IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| VANTAGE CONTROLS CO., <br><br> Plaintiff, <br><br> vs. <br><br> LUTRON ELECTRONICS CO, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO COMPEL IN PART, RESERVING RULING IN PART AND ORDER FOR APPENDIX** <br><br> Case No: 2:03 CV 488 TC <br> District Judge Tena Campbell <br><br> Magistrate Judge David Nuffer |

Vantage Controls Co. has moved to compel[1] Lutron Electronics Co., Inc., to provide:[2]

a. testimony of Richard Charles Compton regarding a meeting held in February 2005;

b. documents as to which privilege is claimed, but as to which the privilege log is allegedly inadequate; and

c. communications between Lutron and its patent counsel regarding prior art.

---

[1] Plaintiff's Motion to Compel Production of Documents, docket no. 186, filed October 27, 2005.

[2] Vantage had also sought production of Lutron's license agreements, which was ordered in a telephonic hearing November 2, 2005. Docket no. 193.

**Compton's Testimony Regarding February 2005 Meeting**

Compton was previously a consultant to Lutron,[3] involved in the development of a patent at issue.[4] And Compton billed Lutron for his attendance at the meeting,[5] showing he was a consultant for Lutron at the time of the meeting.

> [I]in cases where the client has one of his agents attend the conference . . . the presence of these intermediaries will be assumed not to militate against the confidential nature of the consultation, and presumably this would not be made to depend upon whether the presence of the agent . . . was in the particular instance reasonably necessary to the matter in hand.  It is the way business is generally done and that is enough.[6]

Based on the information presented, the magistrate judge finds that Compton's presence at the February 2005 meeting with Lutron and its counsel did not waive the attorney client privilege as to that meeting.  The confidential nature of the meeting between Lutron, its officers employees, and attorneys was not defeated by Compton's presence.  Vantage will not be able to depose Compton as to the events of that meeting.

---

[3]Deposition of Charles Richard Compton at page 218, line 25, through page 219, line 4, (attached as Exhibit to Plaintiff Vantage Controls, Inc.'s Memorandum in Support of Motion to Compel at 13 (Supporting Memorandum), docket no. 187, filed under seal October 27, 2005 and as Exhibit D to Lutron Electronics Company, Inc.'s Memorandum in Opposition to Vantage Controls. Inc.'s Motion to Compel (Opposing Memorandum), docket no. 197, filed November 7, 2005.

[4]Supporting Memorandum at 13, and Opposition Memorandum at 7.

[5]Compton Deposition at page 217, lines 17-19.

[6]*McCormick on Evidence* § 91 (5th ed. 1984).

## Communications Regarding Prior Art

Vantage claims that Lutron has raised the defense of "advice of counsel" on disclosure of prior art and that testimony in depositions has waived the attorney-client privilege as to Lutron's communications with patent counsel on prior art.

For its first proposition, Vantage relies on *Martin Marietta Materials, Inc. v. Bedford Reinforced Plastics, Inc.*,[7] in which a representative of the patent holder "testified to the *content* of communications" with counsel and to "the *substance* of the advice received."[8] Even though the pleadings "did not assert that [the patentee's] decision to withhold prior art from the United States Patent and Trademark Office was based upon advice of counsel,"[9] the court found that the issue was raised in the deponent's testimony and that the privilege was waived.

> [The deponent] clearly put in issue Plaintiff's attorneys' understanding of its applicable duty of disclosure with regard to material prior art and the role which attorney-client communications and advice of counsel played in the decision not to disclose certain prior art, such that the Plaintiff has waived the attorney-client privilege with regard to such communications about the disclosure of material prior art to the United States Patent and Trademark Office.[10]

By contrast, in this case, the best Vantage has done is present testimony of the *fact* and *subject* of communication with the patent attorneys,[11] in addition to testimony that the attorneys

---

[7] 227 F.R.D. 382 (W.D. Pa. 2005).

[8] *Id.* at 393 (emphasis added).

[9] *Id.* at 396.

[10] *Id.* at 397.

[11] Plaintiff's Reply Memorandum in Support of Its Motion to Compel, docket no. ____, filed November ____, 2005, dated November 10, 2005.

were the ones who made the decisions about what to include in the patent applications.[12]  There is no testimony to the *content* or *substance* of the discussions.  It is also significant that Lutron has not raised advice of counsel as a defense[13] to Vantage's claim that prior art was not disclosed.[14]  On the state of the record presented at this time by Vantage, the magistrate judge does not find that the privilege as to attorney-client communications has been waived as to the subject of prior art.

### Adequacy of Privilege Log

Vantage claims Lutron's privilege log is insufficient, but the log has enabled Vantage to specifically identify documents for Vantage's challenges to "the applicability of the privilege" claim.[15]  The log does not need to be sufficient to *decide* the issue of privilege.  Further information regarding these documents will be required from Lutron.  Vantage has attached a copy of the Privilege Log to its Supporting Memorandum as Exhibit A[16] and has marked items in pink for which it claims neither the named author nor recipient are counsel.  Therefore, Vantage says that there is no confidential attorney-client communication contained therein.  The magistrate judge has no information on the roles of those persons.

---

[12]*Id.* at 3-4.

[13]Lutron Electronics Co., Inc.'s, Counterclaims and Answer to Vantage Controls's First Amended Complaint, docket no. 46, filed January 24, 2005.

[14]First Amended Complaint, docket no. 40, filed December 23, 2004.

[15]Fed. R. Civ. P. 26(b)(5).

[16]A colored version of this document is accessible only to the court in the file as docket no. 198, filed November 11, 2005.

Vantage also claims that items marked in yellow in the Privilege Log are insufficiently described to evaluate privilege. Further information will be required on a sampling of these items, since they are so numerous. Thereafter, the principles determined in the sampling may be applied to all the documents marked in yellow on the Privilege Log.

## ORDER

IT IS HEREBY ORDERED that Vantage's motion to compel[17] is DENIED IN PART in that Richard Charles Compton will not be required to testify regarding the February 2005 meeting, and communications between Lutron and its patent counsel need not be produced.

### Privilege Log Issues

IT IS FURTHER ORDERED that the balance of the motion to compel is taken under advisement, and that

    a.    on or before November 18, 2005, Vantage shall designate ten items from the Privilege Log Exhibit A to the Supporting Memorandum which Vantage marked in yellow;

    b.    on or before November 28, 2005, Lutron shall file an Appendix to its privilege log including

        i.    identification of the roles of all persons identified in items marked in pink in the Privilege Log Exhibit A to the Supporting Memorandum, with any narrative or description of each document necessary to support the finding

---

[17]Docket no. 186, filed October 27, 2005.

      that the document contains attorney-client confidential communication. If documents contain information not protected by the privilege, that should be disclosed in Lutron's submission to the court.

ii.     a description of the basis for which attorney-client confidential communication privilege is claimed for the items identified in Lutron's submission under subparagraph a. Documents may be addressed by group or type rather than individually. If necessary, this may include a narrative or description of the document to establish privilege. If documents contain information not protected by the privilege, that should be disclosed in Lutron's submission to the court.

If Lutron's Appendix contains material which Lutron claims is privileged, such information may be redacted from the copy served on Vantage.

Dated this 14th day of November, 2005.

                BY THE COURT:

                _____
                David Nuffer
                U.S. Magistrate Judge