IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VANTAGE CONTROLS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>LUTRON ELECTRONICS CO., INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTIONS RE: PROTECTIVE ORDER**<br><br>Case No: 2:03 CV 488 TC<br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

    This case was initiated by Vantage Controls, Inc. (Vantage), seeking a declaration that its products do not infringe on Lutron Electronics Co., Inc.'s (Lutron) patents and for a finding of invalidity and unenforceablity of Lutron's patents. Lutron countersued for infringement.

    Lutron wants to conduct a mock jury exercise to assist its preparations for trial, and has moved[1] to modify the Protective Order[2] in this case to permit the mock jurors and trial consultants to see Confidential Information. Vantage moved against such broad disclosure.[3] The parties have cooperated in concise and expedited briefing.

    The parties have agreed that each prospective mock juror or trial consultant will sign an agreement to be bound by the terms of the Protective Order and that at the end of trial or settlement, Lutron will, on Vantage's request, provide Vantage the identities and executed

---

[1] Docket no. 253, filed January 27, 2006.

[2] Docket no. 80, filed May 12, 2005.

[3] Docket no. 256, filed February 3, 2006.

agreements of the mock jurors and trial consultants.[4] The parties agree that sensitive financial data should not be provided.[5]

"The area of dispute seems to be whether Lutron should have permission to show any and all [of] Vantage's "HIGHLY CONFIDENTIAL" and "CONFIDENTIAL" technical materials to mock jurors and to jury consult[ant]s" or whether such persons should "only have access to the "HIGHLY CONFIDENTIAL" and "CONFIDENTIAL" technical materials found in the expert reports submitted by the technical experts in this matter."[6]

Lutron advocates the more liberal permission while Vantage proposes the expert report limitation because "the expert reports contain . . . materials which would be relevant to this case and because Vantage has had an opportunity to evaluate such . . . materials and has determined that the harm associated with such disclosure would be minimized by the procedures proposed by Vantage (and agreed to by Lutron)."[7]  Lutron believes, however, that the mock jury exercise "requires the disclosure of some non-financial technical information designated as Confidential or Highly Confidential that goes beyond that referenced in expert reports and expert testimony."[8]

---

[4]Reply Memorandum in Further Support of Lutron's Motion to Clarify Protective Order and in Opposition to Vantage's Motion for Protective Order (Lutron's Reply) at 2, docket no. 259, filed February 8, 2006.

[5]*Id.*

[6]Plaintiff Vantage Controls, Inc.'s,Reply Memorandum in Support of Its Motion for a Protective Order at 2, docket no. 261, filed February 9, 2006.

[7]*Id.*

[8]Lutron's Reply at 2-3.

Balancing the need for protection of this highly sensitive information with Lutron's desire to conduct a mock trial,

## ORDER

IT IS HEREBY ORDERED that the motions regarding the protective order[9] are GRANTED IN PART.  The Protective Order[10] is amended as follows by adding new paragraph 5(f):

>   (f)     A party may disclose Confidential and Highly Confidential material that does not pertain to the other party's sales, marketing and finances, to mock jurors and/or trial consultants, provided that:
>
>   >  (i)    the party disclosing such information shall screen its mock jurors to prevent any individuals from participating who are themselves or whose immediate family members are employed in the lighting controls or home automation industries and the party disclosing such information shall provide the name and business name and address of any trial consultant to the other party at least five business days prior to providing such information to that trial consultant;
>
>   >  (ii)   each prospective mock juror and trial consultant shall sign an agreement to be bound by the terms of the Protective Order as provided in Exhibit "A" to the Protective Order.  The party providing such information to a mock

---

[9] Docket no. 253, filed January 27, 2006, and 256, filed February 3, 2006.

[10] Docket no. 80, filed May 12, 2005.

    juror or trial consultant will, upon the written request of the other party at the end of trial or settlement, provide to the other party the identities and executed agreements of the mock jurors and/or trial consultants to whom Confidential and Highly Confidential information was disclosed; and

(iii)  the party providing such information shall provide any such information which is not contained in (a) expert reports, (b) expert deposition testimony, and (c) other witness testimony that is referenced in expert reports or expert testimony to the other party at least five business days prior to providing such information.

Objection before information is provided to a trial consultant disclosed under subparagraph (i) or provided under the advance notice procedure of subparagraph (iii) shall stay the ability to provide such information.  Failure to make written objection within the time periods provided shall permit disclosure of the information.   If the parties are not able to resolve an objection, the dispute may be submitted to the court.

Dated this 13th day of February, 2006

            BY THE COURT:

            _____s/David Nuffer_____
            David Nuffer
            U.S. Magistrate Judge