IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VANTAGE CONTROLS CO.,<br><br>    Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | Case No. 2:03 CV 488 TC |
| LUTRON ELECTRONICS CO., INC., | District Judge Tena Campbell |
|     Defendant. | Magistrate Judge David Nuffer |

Vantage Controls Co. seeks declaratory judgment of non-infringement and declaration of invalidity of patents held by Lutron Electronics Co., Inc.[1] Vantage complained that Lutron has not provided "a privilege log that adequately describes documents" as to which Lutron claims privilege so that [Vantage] or the Court can determine whether the privilege applies."[2] Vantage requested that "Lutron should be required to either provide a more adequate and complete description of these documents to permit Vantage and the Court to determine whether the documents are privileged, or to produce the documents."[3]

Vantage attached a copy of the disputed Privilege Log to its Supporting Memorandum as Exhibit A[4] and marked items in pink which it claims neither the named author nor recipient are counsel and marked in yellow which Vantage claims are insufficiently described to evaluate privilege. As a first step to sift the issues, the magistrate judge ordered[5] that Vantage designate ten items from the Privilege Log, which it did,[6] and that Lutron to provide an appendix to its

---

[1] Vantage also alleges Lutron has violated anti-trust laws by its patent application process and by its conduct of this litigation. First Amended Complaint, docket no. 40, filed December 23, 2004.

[2] Plaintiff Vantage Controls. Inc.'s Memorandum in Support of Motion to Compel at 2 (Supporting Memorandum), docket no. 187, filed under seal October 27, 2005. *See also id.* at 13 and 17.

[3] *Id.* at 17.

[4] A colored version of this document is accessible only to the court in the file as docket no. 198, filed November 11, 2005.

[5] Memorandum Decision . . . , docket no. 199, filed November 14, 2006.

[6] Docket no. 209, filed November 18, 2005. Vantage actually designated nine items.

privilege log including identification of the roles of all persons identified in items marked in pink in the Privilege Log and a description of the basis for which privilege is claimed for the ten sample items identified by Vantage. For all such items, Lutron was invited to include a narrative or description of the document to establish privilege. Lutron submitted the Appendix.[7] Vantage responded to Lutron's submissions[8] and the magistrate judge ordered that the items identified and discussed be submitted for review.[9] This was done.[10]

In its expanded privilege justification for the items identified by Vantage, Lutron provided a little more information. For example for item 20 on the Privilege Log originally appeared as follows:

| Priv. Number | Type | Date | Author | Recipient(s) | Subject | Privilege Asserted |
|---|---|---|---|---|---|---|
| 20 | Letter | 06/23/99 | Peter Murphy | Louis Dujmich | U.S. Patent Application No. 09/013,125 | AC |
| 21 | Letter | 04/12/99 | Peter Murphy | Louis Dujmich | Patent Application titled | AC |

The additional information in the Appendix was minimal, with some narrative and role identification:

> **Privilege Log #20.** Letter dated 06/23/99 from Peter Murphy, *Lutron's patent liaison*, to Louis Dujmich, *Lutron's outside patent counsel*, regarding U.S. Patent Application No. 091013,125. *This is a direct communication between Lutron, the client, and its outside counsel regarding patent prosecution.*

---

[7] Docket no. 218, filed November 28, 2005.
[8] Docket no. 221, filed November 29, 2005.
[9] Docket no. 220, filed December 1, 2005.
[10] Docket no. 230, December 2, 2005.

As Lutron pointed out, communications between qualified persons "for the purpose of securing primarily legal opinion, or legal services, or assistance in a legal proceeding"[11] are attorney client privileged. Again, as the case cited by Lutron states, "the invention record of [a] patent is protected by the attorney-client privilege," even if it contains substantial technical information.[12] As defined in that case,

> Invention records are standard forms generally used by corporations as a means for inventors to disclose to the corporation's patent attorneys that an invention has been made and to initiate patent action. They are usually short documents containing space for such information as names of inventors, description and scope of invention, closest prior art, first date of conception and disclosure to others, dates of publication, etc.[13]

Further, they "are frequent targets of discovery by the accused infringer because they may disclose highly relevant information and admissions, and because, since they are usually prepared by the inventors themselves--usually without knowledge of the applicable laws--they often conflict with the patentee's current litigation positions."[14]

If such a perfunctory record form is protected because it is part of the patent process, then certainly protection should be afforded the "patent file" maintained by Lutron in which Lutron employees place notes and communications used to facilitate patent applications, containing more central information. This is entirely consistent with the decision cited by Vantage holding that the broad protection it afforded is "the better rule" when compared to other district court decisions affording lesser protection. This applies to the sampled communications documents 20,

---

[11] In re Spalding Sports Worldwide, Inc., 203 F.3d 800, 805 (Fed. Cir. 2000).
[12] *Id.* at 806.
[13] *Id.* at 802 n.2.
[14] John M. Benassi and Colbern C. Stuart, III, Patent Litigation § 4:11.5, May 2005.

24, 63, 65, 71, 287, 288, 564 and 565 as well as the other documents submitted (nos. 75 and 232 C-H).

The burden of establishing the existence of the privilege falls on the party asserting it [15] and Lutron has met that burden. It is not always necessary, as Vantage suggests,[16] to provide deposition or affidavit testimony when a claim and determination of privilege is apparent from the face of the document. Proffer avoids collateral trials.

## ORDER

IT IS HEREBY ORDERED that the motion to compel[17] is DENIED as stated in this order and in the November 14, 2005, order.

Dated this _____ day of March, 2006.

                                                BY THE COURT

                                                _s/David Nuffer_____
                                                David Nuffer
                                                United States Magistrate Judge

---

[15] *Motley v. Marathon Oil Co.,* 71 F.3d 1547, 1550 (10th Cir.1995), cert. denied, 517 U.S. 1190 (1996).
[16] Vantage cited *A.I.A. Holdings, S.A. v. Lehman Bros., Inc*., No. 97 Civ. 4978(LMM)(HB), 2002 WL 31385824, *6 (S.D.N.Y. Oct. 21, 2002) for the proposition that a privilege claimant must "submit evidence, by way of affidavit, deposition testimony or otherwise" but the case cited by that unpublished slip only says "that the individual claiming the privilege must demonstrate, through competent evidence" that the privilege applies. *von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 144 (2nd Cir. 1987).
[17] Plaintiff's Motion to Compel Production of Documents, docket no. 186, filed October 27, 2005.